WILFRED HAMEL'S CASE

Androscoggin.    Opinion October 22, 1927.

*In a petition for review of agreement or decree under section 36 of the Workmen's Compensation Act, it must appear that the agreement was approved and that the period of compensation was definitely fixed by the agreement or by the decree.*

*Both the beginning and the date of the end of the period of compensation must be definitely fixed.*

On appeal.  Petition for review under section 36 of the compensation act.  The finding was against the petitioner and an appeal was taken.  Appeal dismissed with costs.  Decree below affirmed. The case appears in the opinion.

*Hinckley, Hinckley & Shesong,* for petitioner, insurance carrier.

*James H. Carroll,* for claimant.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, DEASY, PATTANGALL, JJ.

PHILBROOK, J.  On December 1, 1925, while in the employ of the Columbia Woolen Company, Hamel sustained a compensable injury.  On January 7, 1926, the insurance carrier of the company, and Hamel, reached an agreement by the terms of which it was declared that the nature of the accident and injury was traumatic lumbago; that the period of incapacity began on December 2, 1925; that compensation, at the rate of fifteen dollars per week, during the period of temporary total incapacity, beginning December 8, 1925, should be paid to the employee, and that additional compensation should be paid for any subsequent period of incapacity, either total or partial, due to the same injury, in accordance with the Maine Workmen's Compensation Act.  This agreement was duly approved by

the Commissioner of Labor, subject to review, as provided by said act, on January 12, 1926.

The insurance carrier, under date of January 4, 1926, filed with the Industrial Accident Commission a so-called "Petition for review of agreement or decree", alleging that since said agreement or decree was made the incapacity for which the employee was being compensated had ended, and praying that compensation being paid in accordance with the award or agreement might be ended. The finding of the Associate Legal Member of the Commission, before whom the case was heard, being adverse to the petitioner, the case came to this court by the statutory appeal from the decree of a justice thereof confirming the finding of the Associate Legal Member of the Commission.

At the outset it should be observed that this petition is not cognizable under the provisions of section thirty-six of the Workmen's Compensation Act, since in fixing a time within which petitions for review shall be filed, that section contemplates two indispensable prerequisites, viz., that the agreement for compensation shall be approved, and that the period of compensation shall be definitely fixed by the agreement or by decree. Both the date of the beginning, and the date of the end of the period of compensation must be definitely fixed. *Milton's Case*, 122 Maine, 437. The review here sought is not of an agreement that definitely fixed the period of compensation but left the period indefinite.

We are therefore of opinion that the ruling of this court in *Wallace's Case*, 123 Maine, 517, may be properly invoked as disposing of the case at bar. In that case the appellants, the insurance carrier, filed a petition for review of an agreement alleging "that the disability had ended, and praying that compensation be ended." Apparently the proceedings in that case, when heard, were precisely like those in the case at bar. This court then said;

> "Appellants sought a review under Sec. 36, of the Act. The commission proceeded thereunder. The agreement in the pending case, however, was an open end agreement. Its point of beginning was fixed, August 13, 1921, but the date of expiration was not fixed. Compensation was to continue 'during disability' not exceeding of course the statutory limitation. This court

has distinctly and recently decided that Section 36, prescribing a petition for review of decrees and agreements, does not apply to agreements in which the period of compensation is not definitely limited. *Milton's Case,* 122 Maine, 437. Under that authority the petition in this case might be dismissed."

By that authority the mandate in the instant case will be

*Appeal dismissed with costs.*
*Decree below affirmed.*